# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| KEVIN D. SUTTON,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF NEVADA, *et al.*,<br><br>    Defendants. | 3:17-cv-00357-MMD-VPC<br><br>**AMENDED[1] REPORT AND RECOMMENDATION**<br>**OF U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is Kevin D. Sutton's ("plaintiff") application to proceed *in forma pauperis* (ECF No. 1) and plaintiff's *pro se* complaint (ECF No. 1-1). Having reviewed both, the court recommends that plaintiff's application to proceed *in forma pauperis* be granted. The court further recommends that plaintiff's complaint be dismissed with prejudice.

## I.    *IN FORMA PAUPERIS* APPLICATION

As set forth in 28 U.S.C. § 1915(a), the court may authorize a plaintiff to proceed *in forma pauperis* if he or she is unable to pay the prescribed court fees. The plaintiff need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Based on the financial information provided in plaintiffs' application to

---

[1] The original Report and Recommendation, (ECF No. 4), contained a clerical error stating that the statute of limitations for section 1983 claims in Nevada is six years, rather than two years. The court may *sua sponte* correct a clerical error whenever one is found in the judgment, order, or other part of the record. FED. R. CIV. P. 60(a). As this clerical error has no effect on the court's determination, the Amended Report and Recommendation corrects its reference to the statute of limitations for plaintiff's section 1983 claims. *Metso Minerals, Inc. v. Powerscreen Int. Distribution Ltd.*, 297 F.R.D. 213 (E.D.N.Y. 2014) (a court may make corrections under Federal Rule of Civil Procedure 60(a) to reflect its "contemporaneous intent" at the time of the initial decision).

-1-

proceed *in forma pauperis*, the court finds that plaintiff is unable to pay the filing fee in this matter. (*See* ECF No. 1 at 1–2.)  The court therefore recommends that plaintiffs' application to proceed *in forma pauperis* be granted.

## II.     LEGAL STANDARD

Applications to proceed *in forma pauperis* by *pro se* plaintiffs are governed by 28 U.S.C. § 1915.  Section 1915 provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).  Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard when reviewing the adequacy of a complaint under § 1915.  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

Under Rule 12(b)(6), the court is to dismiss when the complaint fails to "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Courts accept as true all well-pled factual allegations, set aside legal conclusions, and verify that the factual allegations state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Although the complaint need not contain detailed factual allegations, it must offer more than "a formulaic recitation of the elements of a cause of action" and "raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555.

Upon review, the complaint is construed in the light most favorable to the plaintiff. *Chubb Custom Ins. Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013).  The court takes particular care when reviewing the pleadings of a pro se plaintiff, as a more forgiving standard applies to litigants not represented by counsel. *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir.

2014). In addition, a *pro se* plaintiff must be given notice of the deficiencies of his or her complaint, and leave to amend, unless the opportunity to amend would be futile. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Despite this leniency, a district court may in its discretion dismiss an *in forma pauperis* complaint if the claim "lacks an arguable basis in either law or fact." *Id.* This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios).

### III.  DISCUSSION

Plaintiff is an inmate in the custody of the Nevada Department of Corrections ("NDOC") and is currently incarcerated at Lovelock Correctional Center ("LCC"). (ECF No. 1-1 at 1.) Proceeding *pro se* and pursuant to 42 U.S.C. § 1983, plaintiff brings civil rights claims against the State of Nevada on relation to the Eighth Judicial District Court of the State of Nevada ("Eighth Judicial District Court"), and Judge Lee Gates ("Judge Gates") of the Eighth Judicial District Court. (*Id.*)

Plaintiff's allegations are based upon the procedural history of his state post-conviction habeas corpus petition. (*Id.* at 3.) Plaintiff petitioned the Eighth Judicial District Court for a writ of habeas corpus following his conviction for first degree murder. (*Id.*) The petition raised eleven claims challenging his unlawful conviction. (*Id.* at 4–5.) Before considering plaintiff's petition, Judge Gates appointed counsel, who filed a supplement to the petition. (*Id.* at 5.) Judge Gates denied plaintiff's petition, but addressed only the two grounds raised in the supplemental petition. (*Id.*) Plaintiff appealed and the Supreme Court of Nevada affirmed. (*Id.* at 6.) However, plaintiff alleges that the Supreme Court of Nevada never reviewed plaintiff's eleven claims in his initial habeas corpus petition because the Eighth Judicial District Court failed to make a decision on those claims. (*Id.*) Plaintiff then petitioned the United States District Court for a writ of habeas corpus and raised the eleven claims that appeared in his initial state petition. (*Id.*) These claims were

ultimately dismissed on exhaustion grounds because they were not properly brought before the Supreme Court of Nevada. (*Id.*) Plaintiff alleges that he has yet to receive a judicial determination from the Eighth Judicial District Court on the eleven claims that appeared in his initial habeas corpus petition, and that this failure to issue a determination has obstructed his habeas corpus petitions at both the Supreme Court of Nevada and United States District Court. (*Id.* at 6–7.)

Based on these allegations, plaintiff claims that Judge Gates and the Eighth Judicial District Court violated his First Amendment right to meaningful access to the courts (Count I); his Fourteenth Amendment right to equal protection of the laws (Count II); and his Fourteenth Amendment right to due process of law (Count III). Plaintiff seeks damages and equitable relief. For the reasons stated below, the court recommends that plaintiff's claims be dismissed with prejudice.

**A.   "The State of Nevada on Relation to the Eighth Judicial District" is not a proper defendant.**

At the outset, the court must dismiss any claim plaintiff may have against the State of Nevada. Section 1983 "provides a federal cause of action against any *person* who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999) (emphasis added). A state is not a person for purpose of section 1983. *Will v. Mich Dep't of State Police*, 491 U.S. 58, 70 (1989). Consequently, courts must dismiss section 1983 claims brought against "[s]tates and governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." *Will*, 491 U.S. at 70; *see Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (Arizona's waiver of sovereign immunity held ineffective because section 1983 "creates no remedy against a State"). In contrast, municipalities and other local governmental units are persons amenable to suit under section 1983. *Monnell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978).

The Nevada Judicial District Court is considered to be part of the state judicial branch, as opposed to the local government of the city or county in which it sits, and is therefore an "arm" of the State of Nevada for purposes of section 1983. NEV. CONST. art. 6, § 1; *see Messaad v. Reno*

*Justice* Court, 3:15-cv-00528-MMD-VPC, 2016 WL 4579129, at *2 (D. Nev. Mar. 31, 2016) (Reno Justice Court is free from section 1983 liability as an arm of State of Nevada). Because the Eighth Judicial District Court of the State of Nevada is an arm of the state, plaintiff's claims against it must be dismissed. *See Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) (dismissing claim because Superior Courts of the State of California are not persons for section 1983 purposes); *Nat'l Ass'n for Advancement of Colored People v. State of Cal.*, 511 F. Supp. 1244, 1257 (E.D. Cal. 1981), *aff'd sub nom. NAACP v. State of Cal.*, 711 F.2d 121 (9th Cir. 1983) (courts "have consistently held that state courts are 'arms' of the state and that they are entitled, as such, to share in the protection against suit afforded by sovereign immunity").

**B.       Judge Gates is entitled to judicial immunity.**

It is well-established that "[j]udges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). The scope of judicial immunity is broadly construed so as to promote the underlying goal of independent and disinterested judicial decision-making. *Id.* at 1078. As such, judicial immunity applies no matter how "erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff,' and is unaffected by motive or intent. *Id.* at 1075, 1078 (quoting *Cleavinger v. Saxner*, 474 U.S. 193, 199–200 (1985)).

Judicial immunity is subject to two qualifications. "First, the immunity covers only those acts which are 'judicial in nature.' *O'Neil v. City of Lake Oswego*, 642 F.2d 367, 369 (9th Cir. 1981) (quoting *Stump v. Sparkman*, 435 U.S. 349, 360–64 (1978)). Second, a judge may be held liable when he or she "acted in the 'clear absence of all jurisdiction.'" *Id.* (quoting *Stump*, 435 U.S. at 356–57). Neither circumstance is present here. Plaintiff accuses Judge Gates of denying his petition for habeas corpus without ruling on the eleven claims for relief that he raised in his initial petition. (ECF No. 1-1 at 5–7.) He does not contend that Judge Gates lacked jurisdiction over his cases, and it is clear that Judge Gates denial of plaintiff's habeas petition is an action that is "judicial in nature." *O'Neil*, 642 F.2d at 369. Even assuming plaintiff's interpretation of the procedural history is correct, as the court must at the screening stage, Judge Gates is entitled to

absolute judicial immunity from plaintiff's claims for damages. *See Meek*, 183 F.3d at 965 (judges retain their immunity when they are accused of acting maliciously, corruptly, or in error).

Plaintiff's claims against Judge Gates for injunctive relief also fail to state a claim. In 1996, Congress amended section 1983 to prohibit the grant of injunctive relief against judges for acts or omissions taken in their judicial capacities unless a declaratory decree was violated or was unavailable. 42 U.S.C. § 1983 (2012); *see* Federal Courts Improvement Act of 1996 ("FCIA"), Pub. L. No. 104–317, 110 Stat. 3847, 3853 (Oct. 19, 1996). This amendment formalized the existing common law approach of extending absolute judicial immunity to claims against state judges for injunctive relief. *See Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996), *superseded by statute on other grounds*; *Meeks v. County of Riverside,* 183 F.3d 962, 965 (9th Cir. 1991) ("[i]t is well settled that judges are generally immune from civil liability under section 1983").

Plaintiff does not allege that Judge Gates violated a declaratory decree or that declaratory relief was unavailable to him. Although plaintiff alleges that the Supreme Court of Nevada declined to review his petition for declaratory judgment, he does not allege that he sought declaratory relief from the Eighth Judicial District Court. (ECF No. 1-1 at 26.); *see Kampfer v. Scullin*, 989 F. Supp. 194, 201 (N.D.N.Y. 1997) (denying plaintiffs' claim against judge for injunctive relief because they "could have sought declaratory relief but failed to do so"). Additionally, on the availability of declaratory relief, 28 U.S.C. § 2201 provides that:

> [i]n a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declarations, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201 (2012). Plaintiff seeks declaratory relief in this action, so he cannot claim that declaratory relief is unavailable in a "court of the United States" until after this court has adjudicated his claims. *See Ward v. City of Norwalk*, 640 Fed. Appx. 462, 467 (2016) (affirming district court's dismissal of section 1983 claim for injunctive relief because plaintiff brought it alongside claim for declaratory relief). The court finds that the broad doctrine of absolute judicial

immunity bars plaintiff's claims for declaratory relief against Judge Gates. *See Imbler v. Pachtman*, 424 U.S. 409, 419 n.13 (1976) ("An absolute immunity defeats a suit at the outset, so long as the official's actions were within the scope of the immunity.").

In any event, plaintiff's appeals to the Supreme Court of Nevada and United States District Court provided plaintiff with a sufficiently "adequate remedy at law" to preclude the grant of injunctive relief. *Mullis v. U.S. Bankr. Court for Dist. of Nevada*, 828 F.2d 1385, 1392 (9th Cir. 1987) (denying plaintiff's claims for injunctive relief because plaintiff "made more than ample use of the available procedures for appeal and mandamus").

**C.    The statute of limitations has run.**

While plaintiff's claims for declaratory judgment are not barred by judicial immunity, they are untimely. Section 1983 does not contain a statute of limitations, but federal courts apply the forum state's statute of limitations for personal injury claims. *Comm. Concerning Cmty. Improvement v. City of Modesto*, 853 F.3d 690, 701 n.3 (9th Cir. 2009). In Nevada, the statute of limitations for personal injury is two years. Nev. Rev. Stat. § 11.190(1)(a) (2018); *see Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989), *cert denied*, 493 U.S. 860 (1989). The cause of action accrues and the statute of limitations begins to run "when the plaintiff knows or has reason to know" of the injury that is the basis for the claim. *Canatella v. Van De Kamp*, 486 F.3d 1128, 1133 (9th Cir. 2007) (internal quotation omitted); *see also Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991).

Based on plaintiff's allegations, his federal petition for habeas corpus was denied in part on September 16, 2005 for failure to exhaust at the state court level because Judge Gates failed to review the eleven claims that appeared in his initial state court petition for habeas corpus. (ECF No. 1 at 6.) Even under the most liberal interpretation of the allegations in his complaint, plaintiff had reason to know of the injury underlying his claim against Judge Gates by this date.[2] Thus,

---

[2] Plaintiff states that July 8, 2004, the Nevada Supreme Court affirmed the denial of plaintiff's state petition for habeas corpus but did not review plaintiff's eleven claims because Judge Gates "failed to make a decision on those claims". (ECF No. 1-1 at 6.) The decision of the Nevada Supreme Court likely provided notice that Judge Gates's failure to render a decision on his eleven claims served to procedurally bar any appellate or federal relief on those claims.

September 16, 2005 is the date that his causes of action accrued. Plaintiff initiated this action on June 7, 2017 — over eleven years after his cause of action accrued and over nine years after the statute of limitations expired. *Sain v. City of Bend*, 309 F.3d 1134, 1138 (9th Cir. 2002) (holding that a section 1983 action is commenced in federal district court for purposes of the statute of limitations when the complaint is filed pursuant to the Federal Rules of Civil Procedure). Plaintiff's claims for declaratory relief against the Eighth Judicial District Court and Judge Gates are therefore barred by the applicable statute of limitations. Plaintiff's claims for injunctive and equitable relief are also time barred in addition to the defects outlined above, so plaintiff's complaint should be dismissed with prejudice because amendment would be futile. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### III.   CONCLUSION

For the foregoing reasons, the court finds that the Eighth Judicial District Court, as an arm of the State of Nevada, is not amenable to suit, and that Judge Gates is entitled to judicial immunity from plaintiff's claims for damages and injunctive relief. Additionally, the statute of limitations for plaintiff's claims has run. As a result, plaintiff fails to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(ii) (2012). The court recommends that plaintiff's claims be dismissed with prejudice because amendment is futile. *Cato*, 70 F.3d at 1106.

The parties are advised:

1.   Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.   This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### IV.   RECOMMENDATIONS

**IT IS THEREFORE RECOMMENDED** that plaintiff's application to proceed *in forma pauperis* (ECF No. 1) be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** the complaint (ECF No. 1-1);

**IT IS FURTHER RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE.**

**DATED:** January 24, 2018.

_____
**UNITED STATES MAGISTRATE JUDGE**